# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JOSE ALBINO,

        Plaintiff,

v.                                                   Case No. 08-CV-396

UNITED METHODIST CHURCH,

        Defendant.

_____

## ORDER

On May 8, 2008, pro se plaintiff Jose Albino filed a complaint that appears to assert a claim that the defendant, United Methodist Church, terminated his employment on the basis of discrimination. In connection with his complaint, the plaintiff filed a request for leave to proceed in forma pauperis.

Title 28 U.S.C. § 1915 is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948)). To authorize a litigant to proceed in forma pauperis, the court must first determine that the litigant is unable to pay the costs of commencing the action and still be able to provide for "the necessities of life." *Adkins*, 335 U.S. 331, 339 (1948).

The plaintiff's motion for leave to proceed in forma pauperis indicates that he is unemployed, does not own a residence, owns a car worth $600, jewelry worth $300, and has $125 in savings. His motion also states that the combined monthly income for he and his spouse amounts to $1,322, and their monthly expenses amount to $1,260. Thus, according to the petition, it appears the plaintiff is unable

to pay the $350 filing fee in this action without undue hardship or deprivation of life's necessities. *See Adkins*, 335 U.S. at 339. Accordingly, the court concludes that the plaintiff has demonstrated the requisite financial need to proceed in forma pauperis.

The plaintiff next must demonstrate that his action has merit as required by 28 U.S.C. § 1915(e)(2)(B)(i). The U.S. Supreme Court in *Neitzke* noted that a litigant proceeding in forma pauperis whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke*, 490 U.S. at 324. To prevent such abusive or captious litigation, 28 U.S.C. § 1915(e)(2)(B) directs federal courts to analyze the claims advanced in the plaintiff's complaint and dismiss them if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* at 324; 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). The federal in forma pauperis statute, 28 U.S.C. § 1915, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. An action is frivolous if there is no arguable basis for relief either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir. 1993). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Case 2:08-cv-00396-JPS   Filed 05/09/08   Page 2 of 4   Document 4

Here, the plaintiff states his claim, in full, as follows: "they fired me from my job and caused me [to be] depress[ed], because I [feel] discriminated [against]." The plaintiff's claim appears to allege an unlawful employment practice under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). The plaintiff attached to his complaint a Dismissal and Notice of Rights from the U.S. Equal Employment Opportunity Commission ("EEOC") indicating that his charge of discrimination was not timely filed with the EEOC. Title VII provides that a charge of discriminatory employment practices shall be filed with the EEOC within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). Failure to file a timely charge with the EEOC precludes a subsequent lawsuit under Title VII. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 860 (7th Cir. 2005). Although the timely filing requirement, like a statute of limitation, is subject to waiver, estoppel, and equitable tolling, nothing in the plaintiff's complaint suggests that any of these limited exceptions apply to his case. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *see also Beamon*, 411 F.3d at 860 ("In limited circumstances a plaintiff may invoke the doctrine of equitable tolling to pursue otherwise time-barred claims.")

Construing the pro se plaintiff's claims as broadly as the complaint permits, the court concludes that the plaintiff's claim lacks an arguable basis in law. Therefore, the court is obliged to deny the plaintiff's motion to proceed in forma pauperis and will dismiss his complaint without prejudice pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(i). In addition, given that the action will be dismissed, the court will deny the plaintiff's motion to appoint counsel as moot.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #3) be and the same is hereby **DENIED** as moot;

**IT IS FURTHER ORDERED** that the plaintiff's complaint (Docket #1) be and the same is hereby **DISMISSED** without prejudice.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of May, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge